May it please the Court, Anne Hester for Antonio McDaniel. I'm going to begin by addressing four reasons why this Court should conclude that both subsections of Section 111 can be committed with a reckless mens rea. First, when it enacted Section 111, Congress— You're getting right to some of the merits. Let me just ask you a preliminary question and see if we can get some ground principles here. We're under quorum nobis, right? Right. When we review something for plain error, we go through the Olano standards, the various steps and determine. Is the standard on quorum nobis yet more difficult to satisfy than plain error? In some ways, it is. They're related because quorum nobis incorporates a procedural default standard, but quorum nobis does not also incorporate a plain error standard. I know it doesn't incorporate the plain error standard, but my question is if it's more difficult, we're really looking ultimately to the justice of the circumstance and whether we observe any error if there was error. That makes the whole case—puts the whole case in a different light, particularly when we have several confessions that this man did stick his hand out the window and fire the gun at the officers. And the question is, arguing through all these apprentice standards over the years to try to get around that under a quorum nobis standard seems to be a difficult task for you. It seems we ought to start somehow with the standards you have to satisfy and what you're free to argue because this judgment here, what, 1993? Correct. We're talking about 30 years ago. Well, in addition to the apprendee issue, which prevented him from pleading guilty to subsection B at that time, my position also is that there is no provision, no subsection of 111 can be committed is a crime of violence because any subsection of 111 can be committed with a reckless mens rea. Well, the courts don't agree with you on that and seems to me to reach out and to create a split on that would be unfortunate. I mean, we're talking about the use of a weapon capable of injury or death and to argue that that was just a reckless accidental discharge of the gun is pretty far reaching. So there's actually only one court of appeals that is directly addressed outside of dicta, whether 111 B can be committed recklessly. And that is the Medeiros case that the government just recently cited this week in a 28 J letter. And that case, this court cannot reach the conclusion in that case because that case is directly contradicted by this court's decisions in Bryant and Blankenship. And that's one of the four reasons why 111, either subsection of 111 B can be either subsection 111 can be committed recklessly. I'm sorry, before we leave the quorum novus posture, because I had a lot of the same kind of preliminary questions. I just want to make sure I understand. You say it is a more difficult standard than plain error in some ways, but not other ways. And so there's no sort of obviousness of the error component as far as you're concerned, even if it's like a really close question, you can still get quorum novus. Really, we can kind of make new law in that posture. I think, I think that the answer to that is yes, but also I would like to say that the error here is playing. I know, but I, okay. Okay. So the error here is playing. He violated 111 B under the facts before us. He fired a weapon at the United States Marshal twice. That violates 111 B. As it stands today. But in 1993, 111 B wasn't a separate offense at all. It was just an, it was just a sentencing enhancement for the one offense that existed under 111. It is in the statute. 111 A 1111 do subparts A and B. Correct. But at the time in 1993, when he pleaded guilty, no one understood that that was a separate offense. We can read it. Yeah. You said back then it was a sentencing enhancement. Correct. Right now you'd have to be, it would be a, it's what he did. Now it would be, but he did not plead guilty to that element of an offense. But just in terms of quorum novus relief, I think at least what I'm getting at is, you know, we have said that actual innocence is fundamental enough, but we were talking about, you didn't actually commit a crime. Your client did commit a crime, right? Whether it was B or a, he fired shots at a federal officer. So he committed a crime that he wasn't charged with, which was the assault offense. He wasn't charged with that substantive offense. However, that was charged as a predicate offense for a nine 24 C conviction. And what I'm telling you is that there is no subsection of one 11 that can, that, that requires a greater mens rea than recklessness. What about Fiola? Supreme court's decision in Fiola. So Fiola talks about intent broadly, but it gets back to, that is the old fashioned understanding of intent, which is general versus specific intent. Instead of the four layers of intent that the four. You had to have the specific intent to But that was actually a residual statement is pretty clear. It's a reference to, that is a reference to general intent. And that's further reflected by Fiola's discussion about what Congress meant to do when it enacted one 11. What Fiola tells us is that Congress, when it enacted one 11 intended to protect federal officers to the maximum extent possible by duplicating and by duplicating state assault offenses to provide a federal forum for litigation. But in the government's argument would take, would narrow the statute's reach by removing reckless conduct from it. And that reduces the protections available to federal officers. And it creates a gap between federal and state assault offenses, which is contrary to congressional offense. So you have to read Fiola as a whole. Fiola says, yes, intent broadly, but then later cases of the Supreme court say, well, when we say intent, we really mean purpose, knowledge, reckless and recklessness. So, you know, Fiola is 1975. These later decisions explain that by intent courts meant broad and broadly the different levels of intent. How do we ignore the fact that he fired weapon twice at the deputy United States marshal? Well, the categorical reckless, the categorical approach requires you to ignore that fact. And Taylor, the court explains that the categorical approach is, is solely interested in what the elements in assessing this thing, we get into the categorical and modified categorical approaches. This is, this is core it's hard to get to. Well, if the court will indulge me, I can explain why no, no offense under one 11 qualifies as a crime of violence, which means that he was convicted of a nine, a non-existent nine 24 city offense, because regardless of what his actual conduct was, there wasn't a qualifying predicate. How immense Ray of firing a shot at an officer can be just accidental. And that it's ever been prosecuted as accidental. Somebody happens to drop the gun or is trying to shoot birds and it goes in the direction of officer. It's got an intent and Fiola laid that out. And you say, well, Fiola didn't mean what it said. They were just talking about general intent. Well, they were talking about the reach of specific intent to assault. And they said, what's left is you do have to have the intent to assault the officer, but regardless of getting back to judge King's point, we're on. It's almost like you have to come and say, you were innocent of the conduct of, for which you pled guilty in 1993 and set aside all these, uh, these gates where you say, we have to ignore that fact that we have to ignore that fact because we don't know the categorical approach doesn't permit it or the modified categorical approach doesn't apply. We're under quorum nobus and the quorum nobus asks really the substantial question. Is this something that was an error of justice to enter, to have him plead guilty and allow it. And it's hard to see after he's had confessed a couple of times since then, that he fired that shot at the officer. Why should he be relieved? Because the question is not whether he committed an offense under Mandel. The question is whether he, his conduct constituted the crime that he was charged with violating. Wasn't a violent crime. That was the folks up there, the governor of Maryland involved in shaking people down. Um, yeah, judge Widener wrote that one, but they changed the law after the, after the conviction. Have you all ever had a quorum nobus case before? Hardly anybody's ever had one. Uh, we've had a, we've had a few, but this is never had a law clerk that heard of it. Judge King happens to be the expert. I'm the expert. And I'll tell you one thing. I actually argued one in this courtroom in 1971 quorum nobus case involving a man that conviction. Um, I've been trained with for a long time. Is there an uphill battle? But my point is Mr. McDaniel was convicted of an offense that doesn't exist, which is a 924 C predicated, but a 924 federal officer, uh, exists as to one 11, uh, 1, 1, 1, 1, however we want to call it. But one 11 is not a crime of violence because either subsection of that officer is, and that's in the record here. We know that that's what he did. He shot at the officer twice through the back window of the car or something. Um, and what he did, and we supposed to strike that from the record. I understand that in the record, it's part of the record on appeal. And it shows that he can get past all that. When you get down to the fourth wrong, the judge Wagner laid out, and we, we applied in the, in the most recent case, the error has to be of the most fundamental character, whatever that means. That's pretty strong error of the most fundamental character. Well, it is an error of the most fundamental character that he was convicted of a 924 C that doesn't exist because one 11 is not a crime of violence. It does exist. Your argument is that it's not a crime of violence, but 924 C, uh, supported by one 11 B, uh, uh, one 11 B says firing a shot at a federal officer and firing a shot at the level of your argument is the technical argument. Oh, that could include recklessness, but if it included deliberateness, you'd agree it's a crime. And he was charged with charged with firing a shot at a federal officer. And he actually wasn't charged with the assault offense. He was charged with a 924 C predicated on offense. That is not a crime of violence, which means that the 924 C offense doesn't actually exist. Um, and there's two reasons why under claim plane error, you have first two prongs. One's an error. If we assume that you got a technical argument, that there's an error cause they didn't cite B when they put it in the, in the information that he pled to, uh, how would it be playing? Well, it is playing. It wouldn't get past the second prong of playing the error under any circumstances. It's not playing. It is playing because one 11 B is not a crime of violence because it can be committed recklessly. And there's two reasons why that error is playing. The first reason is, is this any case that says, uh, one 11 B can be committed recklessly? No, but I have two, I have four cases that require this court to reach that conclusion. The first set of cases are black, bright this court's decisions and Bryant and Blankenship because in Bryant under Bryant, because one 11 requires an assault without defining that term, the common law definition of assault applies. I know, but we're beyond that. This is a salt with a deadly weapon against a federal officer and assault with a deadly weapon, uh, carries this beyond the common law assault. We know all the assault cases where you can, you have the different possibility of assault, but this goes beyond that. It does, but the court still has to look at the language of the statute to determine what the mens rea for that statute. You don't have to under, uh, even under playing error. If we've even find it's playing the next two steps is whether we should observe it and take, uh, and, and recognize it as a matter of substantial justice that you can't ignore it. Uh, in other words to carry substantial justice. And then that we can look at anything. And in this case, if we're looking at whether subject substantial justice is done, we look at the record and he did fire the gun at an officer. So if the court would allow me to respond to those wrong of the, of that, uh, plain air doctrine talks about, we recognize it. If the failure to do so would impact the integrity of the court system or something like that. And a recognition of it in this circumstance would arguably, uh, undermine the court system. I have a response to that question. And I also have a response. I also have a response to the court's question about whether, uh, one 11 B it would be plain air under one 11 B. And if the court would allow me to respond to those two questions, I would appreciate it under one 11 B. Voisin and Borden make it plain air to conclude to have convicted somebody under a nine 24 C predicated on one 11 B because under Voisin and Borden, the phrase in one 11 B uses a deadly or dangerous weapon includes reckless conduct because the statute doesn't require that the use of the weapon be against another person. And Voisin the court held that the term use is indifferent as whether an actor has the mental state of intention, knowledge, or recklessness. And in Borden, eight of the nine justices agreed that the statutory term use without the additional language requiring the use against another person or property encompasses reckless conduct. So under those decisions, it is plain air for somebody to be convicted of a nine 24 C predicated on, uh, with a violation of one 11 B. But as to the question of whether, uh, this is a fundamental error or something the court should notice, it is important to realize that this is this invalid conviction has resulted in an extremely harsh recidivist penalty for Mr. McDaniel. He's serving a 25 year sentence for a second nine 24 C when this original, if the court agrees with me that this original nine 24 C conviction was invalid, never should have been imposed in the first place. And that is what distinguishes this case from just a run quorum novice petition where we were coming back in court to ask the court to vacate a conviction that did not carry these extreme consequences. So, you know, I think our red lights gone and you have, uh, uh, uh, some more, you can continue this. Thank you. All right. May it please the court, Elizabeth green up on behalf of the United States. This court should affirm the district court's decision denying quorum novice. The district court acted well within its discretion in deciding that it would not serve the interests of justice to vacate this long settled decades old conviction because McDaniel had not met his burden to show that his conviction for using a firearm during and in relation to a crime of violence presented an error of the most fundamental character. And I think the court has appropriately focused on that last issue. If I could speak to you, uh, 111 B, uh, doesn't have an explicit mens rea. I think Viola suggests that it does have an intent. Uh, uh, your colleague has basically argued that that's too general. That's the general criminal intent. Uh, what's the lay of the land on one 11 B, uh, where have the courts been on that? So the courts generally speak to intentional conduct. And this court earlier this year, in the case, which is 60 of 4th 99 says that it was addressing whether or not Hobbs act robbery could be committed recklessly. And the court said a presumption of C enter usually requires only a general intent requirement, proof of knowledge with respect to the actus reus of the crime. And it based on a presumption, it said Hobbs act robbery could not be committed recklessly. So the court, this court included has construed, we don't have any decisions construing one 11 B. No, not in how many circuits have done. So, so the eighth circuit is the only one that's addressed the mens rea issue directly. Um, the other circuits have all invested in was that it was, uh, uh, uh, intentional. Yes. Yes. That was under the guidelines, but it's the same language. We have hinted, um, in some of the cases that it seems fine under the force clause. The lay of the land is that one 11 B is an assault with a deadly weapon of a federal officer. And we only have one court in the country that has construed it and said that it is a crime of violence. No other court has said it is not. No court has said that it is not. Yes. So it's just the mens rea, all the circuits that have addressed standard under, under the quorum nobis is, uh, what's, what, what do we have to conclude at this point? I mean, this is 30 year old conviction. Correct. Do you have to conclude that it would, that he's presented an error of the most fundamental character that it would require setting aside his conviction. But does it, does it have a plain error? Does it pull through plain air standards or is that formant? I think that in talking about that, what's the implication of playing there? The implication is that if you wouldn't be entitled to relief on plane error, it can't be an abuse of discretion for the district court to have denied this. It can't be a fundamental miscarriage of justice to not apply a newly created rule to one person. In other words, under, under the absence of quorum nobis, we would have to do this under plain error, right? In the absence of quorum nobis. If we were reviewing it to collaboratively or directly, we would apply plain error because it wasn't raised below. It wasn't raised below, but I think you have the Brecht standard on collateral of you. And so quorum nobis adds another layer of deference and requirement. It's, it's, it's a very extraordinary form of relief, right? Correct. And that's because he's already finished serving his sentence. And I just want to make, I want to make sure I'm following along on this. So your position is that it has to be for relief under quorum nobis, you need a fundamental error. And that goes both to sort of the character of the error, but also to how obvious or plain it is. Like if it's an open, if there is an open question as to just assume for a minute, a fundamental error, can you get quorum nobis relief on that? Or do you need, does it need to be obvious also? I think it needs to be obvious also, your honor, because otherwise you're putting, you're requiring the district court to make new law and to apply it to someone who's never in a new role. That's never been held before. That makes so much intuitive sense to me, but honestly, I could not find it in our case law. Have we ever said that? I don't believe we would directly addressed whether the plain error standard would inform that last prong of quorum nobis relief. Okay. Anything else? If the court has no further questions, I will ask that it affirm. Ms. Hester. So I'll go back to the fundamental error question since that seems to be what the court is very interested in. I agree with Ms. Bruno. This court has never said that plain error applies as part of the quorum nobis test. And in fact, the court has repeatedly laid out this four-part test that doesn't include plain error. And I think the only way- In many cases, even to discuss that, you've got the Mandel case and that one that we- With the four prongs. The four prongs. Right. Which includes- Last year, what's the name of that one? The Lissain. Lissain. Lissain, that's the four prongs. That's it, isn't it? Right. Those two cases, the four circles. No, Ebb and Shad. There's- Akinsade. Akinsade. Akinsade, Lissain. Judge Gregory's case. Yeah. I think there are three cases that set out that four-part test that doesn't include a plain error standard. The court has said, and I believe, Judge King, you said this in Lissain, you can't get quorum nobis relief unless you could get relief on direct appeal. But that was- Relief there. That was- You did give him relief. That was in the context of- That has come up in the context of whether an error is prejudicial or not, which makes a lot of sense when you're talking about this fourth prong, the fundamental error prong. But I really question whether requiring an error to be plain makes sense under that fourth prong, especially when you're talking about someone's very last opportunity to get relief. Quorum nobis occurs at a time when someone has- I mean, the test is you have no other option for relief. So if you are imposing the plain error requirement on that fourth prong, even in the face of an error that you believe exists that may not be plain, then how does that further the interest of justice at that point when this is- To me, if we relaxed quorum nobis to be of a lesser standard than plain error, we would see a lot of quorum nobis petitions and they would preempt the plain error review that is invoked. And of course, the plain error review is set out both in rule and in the Supreme Court's Plano decision. But my understanding of quorum nobis is that it's sort of a wild card that when there's no other avenue and it would be a terrible miscarriage of justice to let the judgment stand that we invoke plain error. But I have a hard time finding that this man served his time inappropriately when the conduct of firing at a police officer or a deputy sheriff or marshal, whoever, is involved. It seems to me that's violent crime, inherently violent. And we only have one decision in the country, according to both of you, that says and addresses that. And it says it is violent. We have no cases in the country that say it's not violent. So what you're asking on quorum nobis is that we now adopt a new provision or we go contrary to the Eighth Circuit in order to have your man vacate his judgment, 30-year-old judgment. It doesn't seem to fit in the quorum nobis context. Although we haven't articulated that fourth standard, maybe we should articulate it a little bit and say it's got to be at least as difficult as the plain error. And if the court does that, Mr. McDaniel can establish plain error because of the Supreme Court's decisions in Voisin and Borden. Yeah, but you've got two more prongs of plain error, which give the court enormous discretion and three and four. And the district court here exercise that discretion. And our standard would be for abuse, wouldn't it? Well, the district court made legal mistakes. And that is an abuse of discretion. So if the court agrees with me that 111B can be committed recklessly, then I think it has to find that the district court... You're making that up. You're arguing that derivatively from other principles. But there is no case in the country that you've advanced that says 111B can be committed recklessly and is not a crime of violence. Because the arguments, Your Honor, because the arguments have not yet been made. Nobody made those arguments in the Medeiros case. The law is new because Borden is new. And that is why this court is being faced with being the first to make this decision. But as I said, in my 28-J response, this court can't adopt the reasoning in Medeiros because it conflicts with this court's own panel decisions and Bryant and Blankenship. And what's more, it conflicts... The point is, we have no case that says that was error. We have no case that says 111B can be done recklessly and therefore was error. So you have to argue that it was error because you say we should adopt a decision that says 111B is not a crime of violence. That would be our first decision on that. And then say we then grant quorum nobis and vacate a 30-year-old judgment. That's correct. And apply the plain error standard. Even under the plain... Whether the court applies the plain error standard or not... I don't think the court should apply the plain error standard. I think you should stick with what you have. But if the court does apply the plain error standard, this error is plain under Bryant and Blankenship and under... Yeah, but you never addressed the two others. Those are the that's where justice is analyzed. Three and four. A lot of three and four. Yeah. Which is basically the same as fundamental error, right? I mean, that's... No, it's determining whether substantial justice was committed, injustice. In other words, we have to conclude that something went awry so that the whole system is on trial, so to speak. Right. And when we look at the facts of this case, we can't conclude substantial injustice. You said when we articulated that we know he fired the shots, you say we should ignore those facts because the categorical approach doesn't allow it. But when we get to steps three and four... Well, I think when you get to steps three and four, you have to consider... I mean, he's never denied that he committed this conduct, and we've never disputed that it is an assault on a federal officer under 111. But you have to consider whether it is reflective of justice to maintain a 924C conviction that does not have a supporting crime of violence when that conviction has... That last statement you are making based on an argument that has not been supported by a decision in this country. But is required by Borden and Boisilligne. Okay. You all done a good job. Yeah. And a matter of fact, you took us through some of the deepest caverns that we've been through today. We'll come down and Greek Council, take a short recess. This will court will take a brief recess.
judges: Paul V. Niemeyer, Robert B. King, Pamela A. Harris